## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
**BRENDAN A. HURSON**
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

November 16, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:     *Dorothy B. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
        Civil No. 21-3307-BAH

Dear Counsel:

On December 29, 2021, Plaintiff Dorothy B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, ECF 10, and the parties' cross-motions for summary judgment, ECFs 11 and 13. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.     PROCEDURAL BACKGROUND

Plaintiff filed a Title II application for Disability Insurance Benefits ("DIB") on February 12, 2019, alleging a disability onset of November 27, 2018.[1] Tr. 188–91. Plaintiff's claim was denied initially and on reconsideration. Tr. 99–102, 108–112. Plaintiff then amended her alleged onset date to August 3, 2019. Tr. 215. On April 29, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 30–60. Following the hearing, on June 3, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 12–25. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] The parties and the ALJ all refer to February 8, 2019, as the date Plaintiff filed the application. Tr. 12; ECF 11-1, at 1; ECF 13-1, at 1. However, the application itself lists February 12, 2019, as the application date. Tr. 188.

[2] 42 U.S.C. §§ 301 et seq.

*Dorothy B. v. Kijakazi*
Civil No. 21-3307-BAH
November 16, 2022
Page 2

## II.    THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'"  *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her amended alleged onset date of August 3, 2019[,] through her date last insured of December 31, 2020." Tr. 14.  At step two, the ALJ found that Plaintiff suffered from the severe impairments of "spine disorders," "degenerative disc disease," and "genital disorder." Tr. 15.  The ALJ also determined that Plaintiff suffered from the non-severe impairments of "asthma/chronic obstructive pulmonary disease (COPD)," "anxiety," and "depression." Tr. 15.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 16.  Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could stand and/or walk for four hours in an eight-hour workday. She required a sit/stand option that allows her to stand for 5 to 10 minutes after sitting for 30 minutes and sit for 10 minutes or so after standing and/or walking for 45 minutes with no loss of productivity. She was limited to no more than frequent operation of hand controls bilaterally. She could reach frequently with the dominant upper extremity hand and occasionally with the non-dominant upper extremity in all directions. She could handle and finger bilaterally no more than frequently. She could climb ramps and stairs frequently but never climb ladders, ropes, or scaffolds. She could frequently balance and occasionally stoop, kneel, crouch, and crawl. She could have no more than frequent exposure to vibration or workplace hazards.

Tr. 18.  The ALJ determined that Plaintiff was unable to perform past relevant work as a hospital cleaner (DOT# 323.687-010[3]) but could perform other jobs that existed in significant numbers in

---

[3] The "DOT" is shorthand for the Dictionary of Occupational Titles.  The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical

*Dorothy B. v. Kijakazi*
Civil No. 21-3307-BAH
November 16, 2022
Page 3

the national economy.  Tr. 23–24.  Therefore, the ALJ concluded that Plaintiff was not disabled.
Tr. 25.

## III.    <u>LEGAL STANDARD</u>

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards.  *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ."  42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").  It is "more than a mere scintilla . . . and somewhat less than a preponderance."  *Laws*, 368 F.2d at 642.  In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence.  *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV.    <u>ANALYSIS</u>

Plaintiff raises one overarching argument on appeal: that the ALJ's RFC failed to reflect all of Plaintiff's "substantiated limitations."  ECF 11-1, at 9–12.  Specifically, Plaintiff argues (1) that, contrary to the RFC, Plaintiff cannot stand and walk for four hours in an eight-hour workday, (2) that "the ALJ's manipulative limitations are inconsistent with one another," and (3) that "the ALJ erroneously [gave] significant weight to the prior ALJ denial" of Plaintiff's 2018 application for disability benefits.  *Id.* at 10–11.  Defendant counters that the RFC is supported by substantial evidence, that the manipulative limitations in the RFC are not inconsistent with one another, and that the ALJ applied the correct law in evaluating the prior ALJ decision.  ECF 13-1, at 5–14.

"'[A] proper RFC analysis' proceeds in the following order: '(1) evidence, (2) logical explanation, and (3) conclusion.'"  *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 388 (4th

---

and mental requirements of those occupations.  U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)."  *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

*Dorothy B. v. Kijakazi*
Civil No. 21-3307-BAH
November 16, 2022
Page 4

Cir. 2021) (quoting *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019)).  "An RFC analysis must "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."  *Mascio*, 780 F.3d at 636.  In *Mascio*, the Fourth Circuit held that "[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review."  *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2015) (per curiam)).  "While there is no requirement that each impairment correlate with the particular restrictions in the RFC, the ALJ's findings of Plaintiff's limitations must be supported by substantial evidence."  *Larry J. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3252; 2021 WL 4170250, at *2 (D. Md. Sept. 14, 2021) (citing *Carrier v. Astrue*, No. SAG-10-3264, 2013 WL 136423, at *1 (D. Md. Jan. 9, 2013)).

Plaintiff argues that "it is unconscionable for the ALJ to find that [Plaintiff] can stand and walk four hours in an eight-hour workday considering the record is replete with complaints of lower back pain radiating into her bilateral legs, worsened with prolonged standing; and lower extremity weakness."  ECF 11-1, at 10.  As noted, the ALJ found Plaintiff's spine disorders and degenerative disc disease to be severe impairments.  Tr. 15.  The ALJ added limitations in the RFC to address these impairments, including limiting Plaintiff's ability to "stand and/or walk for four hours in an eight-hour workday" and a providing "sit/stand option that allows [Plaintiff] to stand for 5 to 10 minutes after sitting for 30 minutes and sit for 10 minutes or so after standing and/or walking for 45 minutes . . . ."  Tr. 18.  It is clear from the opinion that the ALJ evaluated the relevant evidence in the record addressing Plaintiff's back pain and extremity weakness, including the exact evidence Plaintiff cites in support of the argument that the ALJ should have reached different conclusion.  For example, the ALJ expressly acknowledged Plaintiff's testimony that Plaintiff can sit for 40–45 minutes and walk and/or stand for only 15 minutes.  Tr. 19, 44–45.  The ALJ also explicitly considered evidence in the record demonstrating Plaintiff's "leg weakness," "pain worse with activity," "decreased range of motion," "ongoing back pain," and "foot pain, low back pain, and neck pain that was worse with standing and walking."  Tr. 20–22.  Accordingly, Plaintiff's argument amounts to a request to reweigh the evidence.

"This court does not reweigh evidence or make credibility determinations in evaluating whether a decision is supported by substantial evidence; '[w]here conflicting evidence allows reasonable minds to differ,' we defer to the Commissioner's decision."  *Fisk v. Astrue*, 476 F. App'x 526, 527 (4th Cir. 2012) (quoting *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam)).  Although reasonable minds may differ as to whether Plaintiff can stand and walk for four hours in an eight-hour workday, the Court must uphold the ALJ's determination on this point because it is supported by substantial evidence.

Plaintiff's second argument that the manipulative limitations in the RFC are internally inconsistent is also unpersuasive.  The ALJ found that Plaintiff could "reach frequently with the dominant upper extremity hand and occasionally with the non-dominant upper extremity in all directions.  She could handle and finger bilaterally no more than frequently."  Tr. 18.  Plaintiff posits that "[i]n order to handle and finger[,] someone must first have the ability to reach."  ECF

*Dorothy B. v. Kijakazi*
Civil No. 21-3307-BAH
November 16, 2022
Page 5

11-1, at 11. This is not entirely accurate. As Defendant points out, Appendix C of the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles provides independent definitions for each manipulative demand. Reaching is defined as "[e]xtending hand(s) and arm(s) in any direction." U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993). Handling involves "[s]eizing, holding, grasping, turning, or otherwise working with hand or hands. Fingers are involved only to the extent that they are an extension of the hand, such as to turn a switch or shift automobile gears." *Id.* Fingering, by contrast, is defined as "[p]icking, pinching, or otherwise working primarily with fingers rather than with the whole hand or arm as in handling." *Id.* Each of these manipulative functions is distinct from one another, and the ALJ was free to reach different conclusions regarding a claimant's ability to perform each task. Remand is not warranted on this point.

Finally, Plaintiff argues that the ALJ improperly gave "significant weight to the prior ALJ denial." ECF 11-1, at 11 (citing Tr. 23). This argument, too, is unpersuasive. An ALJ must evaluate a prior decision in the record under *Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 474 (4th Cir. 1999) and Acquiescence Ruling (AR) 00-1(4) (S.S.A. Jan 12, 2000), 2000 WL 43774. Under this standard, the ALJ is required to evaluate:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

AR 00-1(4), 2000 WL 43774, at *1. Plaintiff does not argue that the ALJ failed to follow this mandate. ECF 11-1, at 11–12. Instead, Plaintiff argues that the ALJ's treatment of the prior opinion is improper because the ALJ "essentially uses the same RFC from the prior ALJ decision to deny benefits in this matter despite objective evidence that [Plaintiff's] neck and lower back have deteriorated since 2018." *Id.* at 11. But the ALJ did not simply "cut and paste" the previous RFC into a new opinion. In fact, the ALJ found that Plaintiff "was further limited in the present case and that she required a sit/stand option and manipulative limitations based on progressive findings on imaging[.]" Tr. 23. As such, Plaintiff's final argument fails for the same reason the first one did: it amounts to a request to reweigh the evidence, which I am not permitted to do.

## V.    <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 11, is DENIED and Defendant's motion for summary judgment, ECF 13, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion.

*Dorothy B. v. Kijakazi*
Civil No. 21-3307-BAH
November 16, 2022
Page 6

A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge